UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT CAMUTO, LLC, <br><br> Plaintiff, <br><br> - against - <br><br> ASPEN LICENSING INTERNATIONAL, INC. <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT** |

Plaintiff, Vincent Camuto, LLC. ("Plaintiff" or "Camuto"), brings this Complaint seeking declaratory relief against Defendant, Aspen Licensing International Inc. ("Defendant" or "ALI"), pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and respectfully states as follows:

PARTIES

1. Plaintiff, Vincent Camuto, LLC, is a Connecticut limited liability company, having its principal office and place of business at 411 West Putnam Avenue, Greenwich, CT 06830, and is qualified to do business and is doing business in the State of Connecticut and in this judicial district. Plaintiff has standing to bring and maintain this action by virtue of its exclusive license for the trademark LUCKY for use in connection with handbags.

2. Upon information and belief, Defendant, Aspen Licensing International Inc., is a Florida corporation, having its principal office and place of business at 6769 Molokai Circle, Boynton Beach, Florida, 33437.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this trademark declaratory judgment action pursuant to 28 U.S.C. §§ 2201(a) and 2202 and 15 U.S.C. § 1051 et seq. of the Lanham Act, as the claims asserted are for non-infringement of a trademark allegedly registered under the Lanham Act, 15 U.S.C. § 1114 et seq. and owned by Defendant. Subject matter jurisdiction is also proper under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

4. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c), and § 1400(a) because a substantial part of the events giving rise to the Plaintiff's claims occurred in this Judicial District, the Plaintiff resides and may be found in this Judicial District, and Defendant is subject to personal jurisdiction in this Judicial District by virtue of transacting and/or soliciting business in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

Defendant's Business Practice as a Trademark Troll

5. Upon information and belief, Defendant owns two U.S. Federal Trademark Registrations for the mark ASPEN for use in International Class 018 via assignments from the original trademark owners, U.S. Registration Nos. 1,086,411 and 1,649,495.

6. Upon information and belief, Defendant also owns registrations of the mark ASPEN for use on various other classes of goods.

7. Upon information and belief, Defendant does not provide services, nor manufacture or sell any products under any registered trademark incorporating the word "aspen," including the registered ASPEN mark for use in connection with luggage and bags.

8. While Defendant claims to be in the licensing business, in reality Defendant is a trademark troll with a long history of making demands for payment for any use of the word

2

"aspen" in connection with a number of goods, regardless of the context of that use. Defendant has made previous demands on Camuto's affiliated entities and countless other manufacturers and retailers. Indeed, Defendant claims good title to over 50 purportedly valid trademark registrations and widespread consumer recognition of Defendant as the source of hundreds of products marketed in connection with the term "Aspen" nationwide. Defendant makes these claims despite conceding on its own web site in the past that it neither makes nor sells any products to consumers (and has not done so since the 1980s), nor otherwise supervises the quality of products marketed to consumers by its purported "licensees." Moreover, Aspen's own web site at [www.AspenBrand.com](www.AspenBrand.com) shamelessly uses unauthorized images from famous brands such as HERMES and BOTTEGA VENETA, as well as countless other third-party images, in a blatant attempt to misrepresent consumers and the trade that these are products bearing the ASPEN mark and subject to license from Aspen.

9. Defendant has sued many companies for trademark infringement since 2006. Moreover, at least five parties, J.C. Penney, BCBG, Victoria's Secret, Columbia Sportswear, and Alfred Dunner, have brought declaratory judgment actions against Defendant. Many of these companies have sought to cancel ASPEN registrations. *See Victoria's Secret Stores, LLC. et al. v. Aspen Licensing International, Inc.*, C.A. No. 1:06-cv-14436 (SDNY); *Columbia Sportswear Company, et al. v. Aspen Licensing International, Inc.* C.A. No. 3:10-cv-01483 (D.Or.); *Aspen Licensing International, Inc., v. Blackstone Investment Group, Inc.*, C.A. No. 9:11-cv-80632 (S.D. Fla.); and *Alfred Dunner, Inc. v. Aspen Licensing International, Inc.* C.A. No. 1:12-cv-01030-CM (SDNY).

10. ASPEN is a weak trademark as a matter of law and is entitled to only a narrow scope of protection, if any. Defendant's ASPEN mark lacks commercial strength because it is

commonly used by third parties in the marketplace in connection with many products and because of its generic reference to a type of tree and famous geographic location.

11. Upon information and belief, as a result of the geographic connotation of "Aspen" as a renowned cold-weather winter destination and as a tree, and the third-party use of the word "aspen" in connection with multiple products, including bags, consumers do not view the Defendant's ASPEN mark as an indicator of source, such that the mark is not entitled to broad trademark protection.

Camuto's Use of the term "Aspen" in a Non-Infringing Manner

12. Plaintiff is part of Camuto Group, an industry leader in the design, development and distribution of women's fashion footwear, apparel and accessory products. Camuto Group is named for its legendary founder, Vince Camuto. The companies of Camuto Group have a long track record of success in building both proprietary brands and third-party licensed brands for JESSICA SIMPSON, BCBG MAX AZRIA and TORY BURCH. Camuto Group is renowned for its ability to build lifestyle brands on a global scale.

13. Plaintiff has an exclusive license from Lucky Brand to manufacture, distribute, market and sell handbags bearing the LUCKY trademark in the United States.

14. As a part of its seasonal offering, Plaintiff introduced several different handbag styles prominently bearing the famous LUCKY trademark, with a reference to the style name "Aspen." Style names are commonly used in the fashion industry primarily for administrative purposes, and not as an indicator of source of origin for trademark purposes. Below is a reproduction from the website of the e-commerce retailer Zappos to the LUCKY brand handbag offered for sale in U.S. commerce:



15. Plaintiff's use of the style name "Aspen" in connection with the LUCKY brand handbag is used only in a descriptive, geographic manner to reinforce the winter theme of the bag, and is not used as a trademark.

16. Plaintiff prominently used its identifying licensed trademark, LUCKY, in close proximity with the style name, "Aspen," on all product label, packaging and in advertising for the accused handbags.

17. Upon information and belief, there has been no actual confusion among consumers between any products purportedly licensed by Defendant under the ASPEN mark and the accused LUCKY handbags bearing the "Aspen" style name.

Aspen's Aggressive and Unwarranted Enforcement Demands

18. On May 20, 2017, Linda Dushman, acting on behalf of Defendant, sent a letter to counsel for Lucky Brand demanding compensation for the allegedly unauthorized use of the "Aspen" mark on the accused licensed LUCKY branded handbags. Lucky Brand forwarded Defendant's claim to Plaintiff to handle.

19. Thereafter, during the course of communications between Ms. Dushman and Camuto's counsel, Defendant demanded substantial and unwarranted payments for sales of the accused handbags. Ms. Dushman indicated that the amount of the payments would depend on whether Plaintiff would agree to immediately cease and desist from further sales, or whether it

would continue to sell the accused products, in which case Defendant demanded execution of one of its standard "General Release Agreements." Camuto has continued to deny the allegations of infringement at all relevant times.

20. Upon information and belief, Defendant routinely threatens to sue and sues third-parties for trademark infringement. As a result, Defendant is a trademark troll whose business model is predicated at least in part on collecting undeserved royalties from businesses that use the common term "Aspen" as a generic, descriptive, or decorative term, whether directly or indirectly, during the course of business. Defendant preys on parties that are likely to capitulate quickly or otherwise enter into a naked license arrangement that Defendant can thereafter use to promote its business model (despite its lack of supervision or control over the "licensed" goods).

21. Defendant's explicit allegations of infringement, demands for payment, and litigation history have created an actual, substantial and justiciable case or controversy between Defendant and Camuto with respect to Camuto's use of word "aspen" as a style name. Based on Defendant's unjustified infringement allegations, continuous harassment and threats regarding demand of payment, and aggressive litigation history, Camuto has a real and reasonable apprehension of being sued by Defendant for trademark infringement and purported money damages if it does not comply with Defendant's demands. Camuto has no adequate remedy at law.

FIRST CLAIM FOR RELIEF

**Declaration of Non-Infringement, 15 U.S.C. § 1114(1)**

22. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 21 above as is fully set forth herein.

23. An actual controversy exists between Camuto and Defendant under 15 U.S.C. § 1114.

24. Camuto's use of the word "Aspen" as a style name on certain products in the collection of LUCKY branded handbags does not infringe Defendant's "Aspen" mark.

25. Camuto is entitled to a declaratory judgment from this Court that Camuto's use of the word "Aspen" as a style name as aforesaid has not infringed any rights allegedly held by Defendant in the ASPEN mark under 15 U.S.C. § 1114(1) or any state law.

26. CAMUTO asserts that this is an exceptional case such that Defendant should be required to pay Camuto's reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117 and other just and proper relief, as permitted by state and federal law.

## SECOND CLAIM FOR RELIEF

**Declaration of No False Designation, 15 U.S.C. § 1125(a)**

27. CAMUTO re-alleges and incorporates by reference herein paragraphs 1 through 26 above as is fully set forth herein.

28. An actual controversy exists between Camuto and Defendant under 15 U.S.C.§ 1125(a).

29. Camuto's use of the word "Aspen" as a style name in connection with products in the collection of the licensed LUCKY branded handbags is not likely to cause confusion, mistake or deception among the consuming public as to the source, origin, association, sponsorship or endorsement of the goods, or as to the relationship, sponsorship, connection, or affiliation of Defendant and Camuto, the LUCKY trademark and/or the accused goods.

30. Camuto is entitled to a declaratory judgment from this Court that Camuto's use of the word "Aspen" as a style name does not infringe any rights allegedly held by Defendant in the ASPEN mark under 15 U.S.C. § 1125(a) or any state law.

31. Camuto asserts that this is an exceptional case such that Camuto should be required to pay Camuto's reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117 and other just and proper relief, as permitted by state and federal law.

## PRAYER FOR RELIEF

WHEREFORE, Camuto prays for judgment against Defendant as follows:

A. A declaration that Camuto has not infringed any trademark rights owned by Defendant;

B. A declaration that Camuto has not committed acts of false designation of origin, false or misleading description of fact, false or misleading representation of fact or unfair competition under federal or state law or otherwise violated Defendant's legal rights;

C. That Defendant, its officers, agents, servants, employees and attorneys and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Camuto or any of its related affiliates, or anyone in privity with them with respect to Camuto's licensed use of the word "Aspen" as a style name for LUCKY branded bags; and,

D. That Defendant be required to pay Camuto its reasonable attorney's fees and costs in connection with this action pursuant to 15 U.S.C. § 1117; and

E. That Camuto have such other and further relief as the Court deems just and appropriate.

Dated: July 28, 2017

        Respectfully submitted,
        FERDINAND IP, LLC

    By: s/Edmund J. Ferdinand, III
        Edmund J. Ferdinand, III (Bar No. 21287)
        Alexander R. Malbin (Bar No. 29419)
        129 Post Road East
        Westport, Connecticut 06880
        (p) (203) 557-4224
        (f) (203) 905-6747

        *Attorneys for the Plaintiff*